## Peter Bardon, Administrator of the Estate of Norma Bardon, Deceased, Appellee, v. Excelsior Stove & Manufacturing Company, Appellant.

### Gen. No. 7,578.

1. DEATH BY WRONGFUL ACT—*sufficiency of proof of death.* In an action for damages for the death of plaintiff's intestate by drowning, alleged to have been caused by defendant's negligence in maintaining submerged piling in a navigable river, the fact of death and the proximate cause thereof are sufficiently shown by evidence that decedent and other members of her family were occupants of a boat which struck one of the submerged piles, that all occupants were thrown from the boat into deep water, that certain of the occupants were rescued, decedent not being among those named, and there is no evidence that she was ever thereafter seen or heard of, especially where the case was tried by both sides on the theory of her death in the accident.

2. INDEPENDENT CONTRACTORS—*liability for act of independent contractor.* A manufacturing corporation which owned land on the shore of a navigable river in which an independent contractor drove piling, some of which were submerged at low water, is liable for the death of one who was thrown from a boat and drowned when the boat struck one of the submerged piles, where the evidence shows the piles were placed in the river by the contractor for defendant's benefit and were to be left there permanently, some of them having been driven a year prior to the accident, and that the contractor never had exclusive possession of the premises.

3. NAVIGABLE WATERS—*liability for injury from maintenance of nuisance therein.* A manufacturing corporation which owned land on the shore of the Mississippi river and at whose instance an independent contractor drove piling into the bed of the stream, some of which were submerged at low water, is liable for damages for the death of plaintiff's intestate who was drowned when thrown from a boat which struck one of the submerged pilings, the maintenance of such pilings by defendant being a public nuisance under Ill. Crim. Code, sec. 221, Cahill's Ill. St. ch. 38, ¶ 453.

4. NAVIGABLE WATERS—*evidence of obstruction by defendant in action for damages from other obstruction.* In an action for damages for death of plaintiff's intestate by drowning, following the capsizing of a boat in which she was riding when it struck a submerged piling placed in the bed of a navigable river adjacent to defendant's manufacturing plant and there maintained for defendant's benefit, it was not reversible error to admit evidence that

in prior years rubbish had been dumped in the river adjacent to the place and the river filled in since it tended to show defendant's knowledge of the condition at the place in question and also the purpose for which the piling was placed.

5. NAVIGABLE WATERS—*when care by boatman as to obstruction shown.* In an action for damages for the death of plaintiff's intestate by drowning when she was thrown from a boat which struck a submerged piling maintained by defendant in the bed of a navigable river, plaintiff, who was rowing the boat when the accident occurred, is shown to have been exercising ordinary care for the safety of the occupants of the boat at the time in question where the evidence shows that he did not know any of the piling were submerged and that the accident occurred as he turned the boat to avoid striking other piling which protruded above the surface of the river.

Appeal by defendant from the Circuit Court of Adams county; the Hon. FRED G. WOLFE, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed July 10, 1923. *Certiorari* denied by Supreme Court (making opinion final).

C. H. WOOD and HARTZELL, CAVANAGH, MARTIN & HARTZELL, for appellant.

JOHN E. WALL, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

This is a suit brought against appellant to recover damages sustained by the next of kin of Norma Bardon, deceased, by her death which is alleged to have occurred by reason of the negligence of appellant. The declaration consisted of four counts. As the court instructed the jury that there could be no recovery under the first, second or third counts, we are only concerned with the fourth count.

The fourth count charges that the defendant carelessly and negligently caused, suffered and permitted to be placed on the property of the defendant company in the said Mississippi river, twenty feet from the water's edge of said river, six pilings and carelessly and negligently caused, suffered and permitted the

two pilings to the south to remain so much shorter than the other piling that in an ordinary stage of the river such short piling would be submerged below the surface of the water to the depth of eighteen inches and when submerged they would become a dangerous obstruction to navigation and dangerous to persons plying light watercrafts on said river, and that by reason thereof the boat in which plaintiff's intestate was riding unavoidably struck one of said pilings and capsized and the plaintiff's intestate was thrown into the water and drowned.

To these counts a plea of the general issue and a special plea were filed by the defendant. The special plea set up that said piling in the declaration mentioned were lawfully placed in the river by the Keokuk Sand Company, an independent contractor, and that said Keokuk Sand Company was employed for the purpose of ascertaining the depth of the soil on the rock in the river on the property of the defendant company in the river immediately to the west of the plant of said defendant company and that said piling were so placed by said independent contractor for the purpose of ascertaining the depth of said soil; that the said piling and the property where the same were placed were then in the exclusive control and possession of said independent contractors, and had never been accepted by the defendant or either of them. To this a replication was filed which set out that notwithstanding that the said Keokuk Sand Company drove the piling to ascertain the amount and depth of the soil on the premises, with labor furnished by them and under their exclusive control, direction and management, nevertheless the said piling were driven on the property of said defendant company and in the manner and form set forth in the plaintiff's declaration and were placed in the river on the property of said company and the said company accepted the same in the manner and form so driven in said river and knowingly, from thence until the time of the happening of

the casualty, suffered and permitted the same to be and remain in the said river in the manner and form alleged in the declaration. Issue was joined and a trial resulted in a judgment for appellee against appellant for $5,500 damages and costs, from which judgment this appeal has been perfected.

On July 3, 1921, the appellant, Excelsior Stove & Manufacturing Company, owned property on the east bank of the Mississippi river, located in the City of Quincy, Adams County, Illinois. They there maintained and managed their plant and had done so for about twenty-four years. The bank of the river had from time to time been filled in along the property of the appellant and adjoining property so that on July 3, 1921, the bank was from seventy to one-hundred feet farther west than it had been twenty-five years prior to that time. During June of 1921, Clarence Miller and Harvey Miller, partners doing business as the Keokuk Sand Company, drove said piling in said river from about five to twenty feet west of the bank and immediately to the west of the plant of the appellant. Some piling had been driven along the north property line of the defendant company in 1920. The center of the main navigable channel was about fifty feet to the west of the river bank immediately in the rear of the appellant's plant. Between the main navigable channel and the east bank was an eddy or back current, the water striking a sand bar or levee at a place below the property of the appellant, which bar or levee was located at the outlet of a sewer in said river. This eddy extended north to the north line of the defendant's property. The evidence showed that appellee was an experienced oarsman and had considerable experience rowing boats on the Mississippi river both for pleasure and in races; that he had rowed past the plant of the appellant on an average of two or three times per week during the summer of 1921; that he was employed by the appellant as a moulder and was on the bank of the river in the rear of

the appellant's plant about every day that he was at work during the summer prior to the date of the accident; that he had lost no time but had been employed all the time at said plant excepting such times as the plant might not be working; that the plant was working regularly; that he saw none driven under the water; that he did not know any of the piling were submerged; that Theodore Erhart, a director of the company, was standing on the bank of the river in the rear of said factory and saw two pilings driven by said Keokuk Sand Company, and that neither of said piling was driven under water. That on the evening of July 3, 1921, the appellee, together with his wife, four children, the oldest one being ten years of age, the youngest about one year old, together with his nephew's wife and her baby of less than a year old, got into a boat belonging to the appellee some distance to the south of the plant of the appellant; that the boat was about eighteen feet long, a single bow-model boat and was about forty inches in width in the middle at the top; that after getting into the boat the appellee rowed the boat up the river; that he rowed near the bank and as he came up past the appellant's plant he saw the row of piling and turned out into the river to avoid them and, as he did so, the boat struck a submerged piling and capsized, all the occupants of the boat being thrown into the river; that certain of them were rescued; that other boats had struck against the submerged piling and that while dragging the river to find the bodies brick were placed on the top of the piling so that the place could be marked.

It is contended by appellant that there is no evidence showing that Norma Bardon is dead or that the accident was the proximate cause of her death. The evidence in the record on this point is exceedingly meager. It shows that she was eleven years of age; that she was in the boat; that when the boat struck the submerged piling, all its occupants were thrown into the river, which was fifteen to twenty feet deep at that

Bardon v. Excelsior Stove & Mfg. Co., 231 Ill. App. 366.

point; that certain persons were rescued, Norma not being named as one of those rescued; that thereafter the river was dragged for the purpose of finding the bodies; there is no evidence that Norma was ever seen or heard of after the boat capsized.

The suit was brought by the administrator of Norma Bardon, deceased, and the representative character of appellee is not challenged in the pleading. Each count of the declaration set up the death of Norma Bardon as the result of the capsizing of the boat and this fact is not denied but is tacitly admitted by the special plea.

It was stipulated in the record on the trial that Norma Bardon left a brother, LeRoy Bardon, sixteen years of age; and Lorena Bardon, nineteen years of age; and Hazel Bardon, fourteen years of age; and Arthur Bardon, who was six years of age; and Loretta Bardon, four years of age; and Harold Bardon, one year of age, and her mother and father. The whole case was tried by both sides and the court on the theory that Norma was dead as the result of the accident and in a large number of the instructions given to the jury at the request of the defendant this fact is conceded. The record shows that on the trial one of the counsel for appellant said, in speaking of Norma, "There is absolutely no proof that this child that was drowned would contribute or would ever contribute anything to their support." When the question of the competency of certain evidence was raised, one of appellant's counsel said, "There is no evidence in the record as I recollect that the young lady died. I was out of the room a part of the time," to which the court replied, "As I recall the testimony the children were drowned." The bill of exceptions shows the following: "The record may show that at the time C. H. Wood, one of the attorneys for the defendant in the argument on motion to exclude Wiggleworth's Tables, stated to the court that there was no proof of death in the record, the court was under the

impression that he meant a technical distinction between drowning and death, and the court was under the impression that there was proof in the record that the person for whose death suit had been brought had been drowned.'' It also shows ''on the motion for a new trial, B. M. Cavanaugh, one of counsel for the defendant, stated in open court that he knew at the time the court made the above ruling that there was no evidence of either the drowning or death of the child for which this suit was brought.''

Under these circumstances, counsel cannot now be heard to urge that the jury were not warranted in finding that Norma Bardon came to her death by drowning as the result of the boat sinking upon the submerged piling.

It is contended by appellant that the piling having been put in the river by an independent contractor, appellant cannot be held liable in this case. The evidence shows that the contractor had at no time exclusive possession of the premises. Some of the piling had been driven a year prior to the accident and the evidence tends to show that they were intended to be left there permanently.

An obstruction of a navigable stream so as to interfere with the free enjoyment of the public easement therein is a public nuisance, both under the common law and the statutes of this State, and any individual who suffers a special damage therefrom, different in kind from that sustained by the general public, may maintain a private action therefor. *Swain v. Chicago, B. & Q. R. Co.*, 252 Ill. 622.

These piling were placed in the Mississippi river for appellant's benefit in violation of the Criminal Code of the State and the laws of the United States, and were a public nuisance. Ill. Crim. Code, sec. 221 [Cahill's Ill. St. ch. 38, ¶ 453].

The jury were fully warranted by the evidence in finding appellant guilty under the sixth count of the declaration.

Complaint is made by appellant that the court permitted appellee to introduce evidence to the effect that in several prior years rubbish had been dumped in the river adjacent to appellant's plant and the river filled in near the place of the accident. This evidence was not very material, but it did tend to show appellant's knowledge of the condition at the place in question and that it exercised proprietary acts over the bed of the stream at the place in question. It also might tend to show the purpose for which the piling were placed in the river. We find no reversible error in the admission of this evidence.

It is contended by appellant that Peter Bardon, the father of Norma, was guilty of contributory negligence which would bar a recovery in this case. Peter Bardon testified that he did not know any of the piling were submerged and that at the time in question he turned the boat to avoid striking other piling which were not submerged. There was therefore some evidence that he was exercising some care for the safety of the occupants of the boat and the jury had a right to find from the evidence in the case that the father was exercising ordinary care for the safety of the deceased.

Complaint is made of the argument of counsel. While some of the remarks somewhat exceeded the limits of proper argument, the words which are shown by the abstract to have been objected to, and upon which the court ruled, were not objectionable.

It is claimed that the court erred in the giving and refusing instructions. The court gave to the jury thirty-two instructions, many of them quite lengthy. From an examination of the instructions given and refused, we are of the opinion that the jury were instructed fully as favorably to the appellant as the law warranted and that the court committed no reversible error in passing upon the instructions.

The judgment of the circuit court is affirmed.

*Affirmed.*